# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: )
) CASE NO. 10 B 18505
Kimberly Bedford ) Judge Hon. Schmetterer
) CHAPTER 13
~~Plaintiff~~ )
*Kimberly Bedford* )
v. )
)
) ADV. NO. 10 AP 01294
Specialized Loan Servicing *LLC* )
Defendant )

*Findings of Fact and Conclusions of Law*

## FINDINGS OF FACT

**A.   The Parties**

1.   The Plaintiff is Kimberly Bedford ("Plaintiff").

2.   The Defendant is Specialized Loan Servicing ("Defendant").

**B.   Factual Background**

1.   On or about April 26, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.   Plaintiff owns the real estate commonly known as 12351 S. Meadows Lane, Unit 5, Blue Island, IL 60406.

3.   That American Home Mortgage Servicing holds a first mortgage lien on the real property commonly known as 12351 S. Meadows Lane, Unit 5, Blue Island, IL 60406, with a secured claim of $173,075.00 pursuant to Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 12351 S. Meadows Lane, Unit 5, Blue Island, IL 60406 in the approximate amount of $40,816.00 pursuant to Plaintiff's credit report.

5. That the Plaintiff obtained an appraisal of the property on April 19, 2010 indicating the value of 12351 S. Meadows Lane, Unit 5, Blue Island, IL 60406 as $150,000.00.

6. The first mortgage lien of American Home Mortgage Servicing is a secured claim based on the mortgage recorded on August 11, 2005 as document number 0522808066 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Specialized Loan Servicing is a secured claim based on the mortgage recorded on August 11, 2005 as document number 0522808067 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $655.00 per month for 36 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On June 14, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 12351 S. Meadows Lane, Unit 5, Blue Island, IL 60406.

11. That on June 14, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 8742 Lucent Blvd., STE 300, Highlands Ranch, CO 80129, and upon the registered agent, Capitol Corporate Services

INC, 118 W. Edwards Street, STE 200, Springfield, IL 62704.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $150,000.00.

15. The first secured claim of American Home Mortgage Servicing in the amount of $173,075.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of American Home Mortgage Servicing in the amount of $173,075.00, and the second secured claim of Specialized Loan Servicing in the amount of $23,391.57.

5. That value of Plaintiff's residence is $150,000.00.

6. As there is no value or equity to support the second priority lien of Specialized Loan Servicing the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 8/12/10

Enter:

United States Bankruptcy Judge

AUG 27 2010

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625